## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DAVID PERRY,**

   Plaintiff,

v.

**CITY OF DETROIT,**
**TYLERSCOT ALLEYENE, JACKSON VANSICKLE**
**and DILLION KENNY,**

   Defendants.

Hon.

Case No.

State Court Judge Sheila A. Gibson

State Case No. 21-016243 NO

_____/

**HERBERT A. SANDERS (P-43031)**
Attorney for Plaintiff
4031 Santa Clara St.
Detroit, MI 48221
(313) 962-0099
Herbert@SandersForJustice.com
0
**CALVERT BAILEY (P-42409)**
Attorney for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI  48226
(313) 237-3004
bailc@detroitmi.gov

_____/

## NOTICE OF REMOVAL
## OF CIVIL ACTION

The defendant City of Detroit removes this civil action to this Court

pursuant to 28 U.S.C. § 1441 and § 1443(2) and say that:

1.  This action was commenced on November 19, 2020 in the Circuit Court for the Third Judicial Circuit of Michigan and is now pending in that court.

2.  On December 20, 2021, a summons and a copy of the Complaint in this action was served on Defendant City of Detroit.

3.  On information and belief, all defendants who have been served join in this removal.

4. On information and belief Defendants Alleyene, Vansickle, and Kenny will join in the removal upon service.

5.  It appears from the Complaint that the plaintiff is a resident of Wayne County, Michigan.

6.  This is a civil action in which the plaintiff seeks monetary relief for the alleged misconduct of the defendant which is alleged to have resulted in the deprivation of rights protected by the United States Constitution. The Defendants remove the action to this Court, invoking the Court's federal question jurisdiction, because the plaintiff bases the action in part on the United States Constitution.

7.  This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. Sections 1331 and 1343, and the action is removable to this Court pursuant to 28 U.S.C. Sections 1441(a) and 1443(2).  The entire case is removable pursuant to those provisions and the Court's pendent jurisdiction.

8.  This Notice is filed within thirty days after first receipt by any defendant of a copy of the Complaint.

9.  Copy of the summons served upon the Defendants, and a copy of the Complaint are attached, (See Exhibit A). These are the only pleadings, orders or other papers received by any defendant in this action.

10.   This action is not removed on the basis of jurisdiction conferred by 42 U.S.C. § 1332 and is removed within one year after commencement of the action.

11.    The undersigned has prepared a written notice of the removal of this action, addressed to counsel for the plaintiff and to the clerk of the court from which this action is being removed. Promptly after filing this Notice of Removal of Civil Action, the undersigned will cause copies of that written notice to be filed with the clerk of the court from which this action is being removed and mailed by first class mail and email to counsel for the plaintiff.

**WHEREFORE,** Defendant City of Detroit removes this action to this Court.

Respectfully submitted,

s/Calvert Bailey
**CALVERT BAILEY(P-42409)**
Attorney for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3004
bailc@detroitmi.gov

Dated: January 12, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

s/Calvert Bailey
**CALVERT BAILEY(P-42409)**
Attorney for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI  48226
bailc@detroitmi.gov

Date: January 19, 2021

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| | | |
|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**21-016243-NO**<br>**Hon.Sheila Ann Gibson** |

Court address : 2 Woodward Ave., Detroit MI 48226          Court telephone no.: 313-224-5207

| | |
|---|---|
| Plaintiff's name(s), address(es), and telephone no(s).<br>Perry, David | Defendant's name(s), address(es), and telephone no(s).<br>The City of Detroit |
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Herbert A. Sanders 43031<br>4031 Santa Clara St<br>Detroit, MI 48221-2764 | RECEIVED<br>DEC 2 0 2021<br>CITY OF DETROIT<br>LAW DEPARTMENT |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐_____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.          | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/23/2021 | Expiration date*<br>2/22/2022 | Court clerk<br>Angila Mayfield |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**SUMMONS**

Case No. : **21-016243-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐   **OFFICER CERTIFICATE** | **OR** | ☐   **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____    Signature: _____
Date                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DAVID PERRY,

    Plaintiff,

Judge: Hon.

Case No.    NO

V

THE CITY OF DETROIT,
TYLERSCOTT ALLEYENE,
JACKSON VANSICKLE, AND
DILLON KENNY,
    *Jointly & Severally,*

    Defendants.

RECEIVED
DEC 20 2021
CITY OF DETROIT
LAW DEPARTMENT

---

**HERBERT A. SANDERS (P43031)**
THE SANDERS LAW FIRM, P.C.
Attorney for the Plaintiff
4031 Santa Clara St.
Detroit, MI 48221
Phone: (313) 962-0099
Herbert@SandersForJustice.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this court.

# PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, by and through his Attorney, Herbert A. Sanders, of THE SANDERS LAW FIRM, P.C., and for his Complaint against the above-named Defendants, states as follows:

## PRELIMINARY STATEMENT, JURISDICTION AND VENUE

1. This is a civil rights action in which Plaintiff, seeks relief for Defendants' violations of his rights secured by the *Civil Rights Act of 1871, 42 U.S.C. § 1983,* by the *Fourth and Fourteenth Amendments to the United States Constitution*, and by the laws and *Constitution of the State of Michigan*.

2. Plaintiff seeks compensatory, exemplary, and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

3. The amount in controversy exceeds ONE MILLION ($1,000,000.00) DOLLARS, exclusive of interest, cost and attorney fees.

## JURY DEMAND

Plaintiff demands a trial by jury on each one of his claims as plead herein.

## PARTIES

4. At all times relevant hereto, Plaintiff David Perry was a resident of the City of Detroit, County of Wayne, State of Michigan.

5. Plaintiff is an African-American, and his date of birth is May 22, 1978.

6. Defendant City of Detroit is a municipal corporation established in accordance with the laws of the State of Michigan.

7. At all times relevant hereto, Defendant Tylerscott Alleyene, was employed by the Defendant City of Detroit as a Police Officer.

8.  At all times relevant hereto, Defendant Jackson VanSickle, was employed by the Defendant City of Detroit as a Police Officer.

9.  At all times relevant hereto, Defendant Dillon Kenny, was employed by the Defendant City of Detroit as a Police Officer.

10. The issues in controversy arose in whole or in part in the City of Detroit, County of Wayne, State of Michigan.

**PLAINTIFF'S ALLEGATIONS**

11. This is a case of Ethnic Intimidation and Police Brutality.

12. Defendants racially profiled the Plaintiff, accosted, and assaulted, him, without provocation while acting under color of law, in their capacities as Detroit Police Officers.

13. On April 29, 2021 Plaintiff David Perry arrived at his friend's house at or around 5:00 pm in Detroit near Norwood & Nevada Streets.

14. Mr. Perry exited his vehicle, and proceeded to walk up to his friend's driveway with his back to the street when he heard someone yell out "excuse me".

15. Mr. Perry turned and responded by saying: "Hey, how y'all doing? Is everything alright?"

16. At that moment, he observed three Detroit Police officers (i.e the named Defendants, Tylerscott Alleyene, Jackson Vansickle, and Dillon Kenny).

17. Officer Tylerscott asked through the window of his vehicle if Mr. Perry had a CPL, and Mr. Perry replied "yes".

18. Tylerscott then asked Mr. Perry to show him his ID.

19. Mr. Perry responded; "Why, what did I do? What's the problem?"

20. Tylerscott aggressively put his car in park and all three officers exited the vehicle and demanded that Mr. Perry display his ID.

21. As he pulled out his wallet Tylerscott snatched it from him, causing his contents to fall to the ground.

22. Tylerscott then asked; *"Which side is the gun on?"*

23. The officers alleged they saw a bulge on Mr. Perry when he exited his vehicle?

24. Tylerscott retrieved Mr. Perry's gun, checked it, told him to unlock his car, placed his gun on his car seat and told him to not touch it until they pulled off.

25. Mr. Perry was then issued a ticket for allegedly not immediately telling officers he had a gun.

26. The ticket was dismissed by the Court.

27. The Defendant Officers have a reputation of harassing Black males within the neighborhood.

28. Plaintiff filed a complaint with the Detroit Police Department concerning the illegal acts of the Defendants as described above.

29. However, no investigation was done into Plaintiff's complaint.

30. The Defendants were acting in accordance with official custom, policy, or practice of the City of Detroit, including but not limited to:

    a.  Stopping and Searching African Americans without probable cause;

    b.  Treating African Americans with disdain and contempt;

    c.  Accosting African Americans without probable cause;

    d.  Lying concerning evidence, to achieve an unjustified conviction;

    e.  Exemplifying cognitive dissonance as it relates to African Americans;

     f.   Exemplifying implicit social cognition as it relates to African Americans;

     g.   Failing to diagnose and treat cognitive dissonance and implicit social cognition when being exemplified negatively toward African Americans; and

     h.   Failing to appropriately train officers.

31. The actions described herein by Defendants against the Plaintiff were motivated by the Plaintiff's race.

32. White individuals have not been subjected to the type of treatment that Plaintiff was forced to endure as described herein.

33. At the time of the occurrence as described herein, the Defendants were:

     a.   Carrying their department issued firearms, and using them during the occurrence;

     b.   Carrying their badges with them, and displaying same during the occurrence;

     c.   Carrying their prep radio and having same turned on;

     d.   Announcing themselves as police officers, and exercising police authority during the occurrence.

34. The Defendant municipality was aware of, or should have been aware of the policies, practices, and procedures as delineated herein that resulted in a deprivation of the Plaintiff's Constitutional rights.

35. Though the Defendant municipalities were aware of the policies, practices, and procedures that ultimately resulted in a deprivation of the Plaintiff's Constitutional rights, the Defendants failed to appropriately address same.

36. The Defendant municipalities failed to properly train, monitor, direct, discipline, and supervise their police officers, and knew or should have known that the officers would engage in the complained of behavior given the improper training, customs,

procedures, and policies of the Police Departments, and the lack of discipline imposed on its officers.

37. This cause of action is brought against Defendants in their individual capacities and their official capacities.

38. The Defendants are not entitled to qualified immunity, or governmental immunity.

39. The conduct of Defendants amounted to a "deliberate indifference" to a risk of injury to the Plaintiff.

40. The Defendants' deliberate indifference was the "moving force" behind the injuries suffered by the Plaintiff.

41. The Defendants violated clearly established constitutional rights of Plaintiff and others, and are therefore not subject to qualified immunity.

## COUNT I
## ETHNIC INTIMIDATION

42. The Plaintiffs repeat and re-allege the above paragraphs as though fully set forth herein.

43. The Defendants maliciously, and with specific intent to intimidate or harass the Plaintiff because of his race and/or color, threatened the Plaintiff by word or act; and caused physical contact with the Plaintiff.

44. As a direct result of Defendants' acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, lost wages, posttraumatic stress disorder, injuries to his reputation leading to pecuniary loss, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT II

## FALSE ARREST
## VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION
## ACTIONABLE PURSUANT TO 42 USC §1983

45. Plaintiff hereby re-alleges and reasserts the allegations set forth in each preceding paragraph and incorporates same herein by reference.

46. The Fourth Amendment to the U.S. Constitution states, in part: "The right of the people to be secure in their persons, houses . . . and effects, against unreasonable . . . seizures, shall not be violated, and no warrants shall issue, but upon probable cause . . . ."

47. Pursuant to 42 USC § 1983:

> *Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress . .*

48. Plaintiff in this action is a citizen of the United States and the Defendant police officers to this claim are persons for purposes of 42 USC § 1983.

49. Defendant Police Officers, at all times relevant hereto, were residents of Michigan and employed by the Defendant City of Detroit as police officers.

50. Defendant Police Officers were at all times acting under color of state law in their capacity as a City of Detroit Police Officer, and their acts and omissions were conducted within the scope of their official duties of employment. Consequently, the Defendant City of Detroit is liable for their acts.

51. The Defendant City of Detroit is also liable because of its policies, practices, and customs which led to this Complaint for violation of Plaintiff's civil rights.

52. At the time of the complained of events, Plaintiff had a clearly established Constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure based on the wrongful institution of legal process.

53. Acting individually and in concert, Defendants – through their own actions and/or policies and supervision, or lack thereof – falsely arrested and detained the Plaintiff.

54. As such, the Defendants wrongly instituted a legal process against Plaintiff in violation of the Fourth Amendment.

55. As a result of Defendants' actions, Plaintiff was falsely arrested and no reasonable police officer would believe Defendants' actions were lawful.

56. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights as described above.

57. The Defendants, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as the Plaintiff.

58. As a direct and proximate result of these policies, practices, and customs, Plaintiff was deprived of his constitutionally protected rights described above and has suffered damages including, but not limited to, embarrassment and humiliation, economic loss, mental anguish, emotional distress, injury to health, loss of time and enjoyment of life and family, improper incarceration, and improper arrest and prosecution.

## COUNT III

### DELIBERATE INDIFFERENCE –
### VIOLATION OF DUE PROCESS
### IN VIOLATION OF 42 U.S.C. § 1983
### AND THE 4TH AMENDMENT TO THE U.S. CONSTITUTION

59. The Plaintiff repeats and re-alleges the above paragraphs as though fully set forth herein.

60. Defendant Police Officers purposely and intentionally detained, accosted, assaulted, threatened, physically abused, the Plaintiff knowing that such use of force was unreasonable and unnecessary under the circumstances.

61. Such actions constitute a violation under color of law of Plaintiff's fundamental substantive due process rights under *42 U.S.C. § 1983* and the *Fourth and Fourteenth Amendments to the United States Constitution*.

62. Plaintiff's constitutionally protected rights that Defendants violated include their right to liberty protected in the substantive component of the Due Process Clause of the *Fourteenth Amendment*, which includes personal safety, and the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the *Fourteenth Amendment.*

63. The Defendants owed Plaintiff a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive and/or deadly force.

64. The Defendants owed Plaintiff a duty to be treated equally and without regard to race or color; however, Defendants breached this duty.

65. The Defendants violated Plaintiff's right to be free from punishment and deprivation of life and liberty without due process of law under the *Fourth and Fourteenth*

*Amendments to the United States Constitution* and to be free from deliberate indifference as to all of said rights, by unjustifiably detaining, accosting, assaulting, threatening, and physically abusing the Plaintiffs.

66. As a direct and proximate result of each Defendants' acts and/or omissions, the Plaintiff suffered severe injury.

67. As a direct result of Defendants' acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, lost wages, posttraumatic stress disorder, injuries to his reputation leading to pecuniary loss, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT IV

### DELIBERATE INDIFERENCE
### TO THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFFS
### THROUGH OFFICIAL CUSTOM, POLICY OR PRACTICE,
### IN VIOLATION OF 42 U.S.C. § 1983

68. The Plaintiff repeats and re-alleges the above paragraphs as though fully set forth herein.

69. Acting under color of law and pursuant to official policy, custom or practice, Defendants knowingly, recklessly, with gross negligence, and deliberate indifference failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers.

70. The Defendants' deprivation of Plaintiff's rights pursuant to official policy, custom or practice are inclusive of, but not necessarily limited to:

   a.  Treating African Americans with disdain and contempt;

b.   Accosting African Americans without probable cause;

c.   Lying concerning evidence, to achieve an unjustified conviction;

d.   Exemplifying cognitive dissonance as it relates to African Americans;

e.   Exemplifying implicit social cognition as it relates to African Americans; and

f.   Failing to diagnose and treat cognitive dissonance and implicit social cognition when being exemplified negatively toward African Americans.

71. It was the duty of the Defendants, to implement and enforce rules and guidelines related to the foreseeable use of force, and to prevent unethical, unwarranted, excessive, illicit and illegal use of force.

72. It was the duty of Defendants to maintain official customs, policies, and practices that were not violative of the Plaintiffs civil and constitutional rights.

73. Defendants, failed to implement and/or enforce said guidelines, failed to maintain official customs, policies, and practices that were not violative of the Plaintiff's civil and constitutional rights, and said failures directly led to the foreseeable unlawful force used against Plaintiff.

74. Defendants had power to prevent or aid in preventing the commission of the wrongs delineated herein; Defendants could have done so by reasonable diligence, but knowingly, recklessly, with gross negligence, and deliberate indifference failed or refused to do so.

75. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendant Police Officers.

76. Said breach of Defendants' duties was the proximate cause of Plaintiff's injuries.

77. The conduct of the Defendants cited above was grossly negligent, deliberately

indifferent and so reckless that it demonstrated a substantial lack of concern for the Plaintiff.

78. As a direct result of Defendants' acts, Plaintiff suffered injuries and damages, including, but not limited to, physical injuries resulting in, pain, suffering, emotional distress, mental anguish, lost wages, physical illness, medical expenses, injuries to reputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT V
## INTRUSION/VIOLATION OF PRIVACY

79. The Plaintiff repeats and re-alleges the above paragraphs as though fully set forth herein.

80. As delineated by the above facts, the Defendants intruded into a matter in which the Plaintiffs had a right of privacy, and by a means or method that would be found objectionable by a reasonable person.

81. As a direct result of Defendants' acts, Plaintiff haS suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, lost wages, posttraumatic stress disorder, injuries to his reputation leading to pecuniary loss, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

82. The Plaintiff repeats and re-alleges paragraphs as though fully set forth herein.

83. The acts of Defendants as described above constitute intentional infliction of emotional distress.

84. Defendants' conduct, as set forth above was extreme and outrageous as to go beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

85. The conduct of Defendants as described above was wanton and/or intentional.

86. The acts of Defendants, as described above were intentional, and caused Plaintiff to suffer severe emotional distress and mental anguish.

87. Such conduct on the part of the Defendants rose to the level of intentional infliction of emotional distress.

88. Defendants knew or should have known that such conduct would inflict severe emotional distress on the Plaintiff.

89. Such conduct did in fact inflict emotional distress upon the Plaintiff.

90. As a direct result of Defendants' acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, psychological counseling and treatment, lost wages, posttraumatic stress disorder, physical illness, medical expenses, injuries to his reputation leading to pecuniary loss, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT VII
## ASSAULT & BATTERY

91. Plaintiff hereby re-alleges and reasserts the allegations set forth in each preceding paragraph and incorporates same herein by reference.

92. Defendants made an intentional and unlawful threat to do bodily injury to Plaintiff.

93. The threat to Plaintiff was made under circumstances that created in him a well-founded fear of imminent peril.

94. Defendants had the apparent ability to carry out the act if not prevented.

95. The act was not prevented, and Defendants willfully and intentionally assaulted, beat, and sodomized the Plaintiff.

96. As a direct result of Defendants' acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, psychological counseling and treatment, lost wages, posttraumatic stress disorder, physical illness, medical expenses, injuries to his reputation leading to pecuniary loss, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT VIII
## RACIAL DISCRIMINATION AND HARASSMENT
## IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

97. Plaintiff hereby incorporates by reference each allegation in the above paragraph as if fully restated herein.

98. Defendants at all times relevant hereto, in accordance with *MCL 37.2301* were a *"place of public accommodation"* and/or *"place of public service"* as an institution whose services, facilities, privileges, advantages, and accommodations were extended, offered, or otherwise made available to the public; and a public facility managed by or on behalf of the state, or a political subdivision, established to provide service to the public.

99. In accordance with *MCL 37.2102 & 37.2302*, Defendants had a duty to Plaintiff not to deny him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of their race.

100.    Notwithstanding said duties and in willful violation thereof, the Defendants harassed and discriminated against Plaintiff, by subjecting him to humiliation and discrimination to which others were not subjected, all because of his race.

101.    As a direct result of Defendants' acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, unlawful abuse, psychological counseling and treatment, lost wages, posttraumatic stress disorder, physical illness, medical expenses, injuries to their reputation leading to pecuniary loss, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## DAMAGES

Plaintiff, requests all damages that are fair and just under the circumstances, including, without limitation, the following:

a.   Reasonable medical and hospital expenses;

b.   Reasonable compensation for the pain and suffering the Plaintiff experienced;

c.   Reasonable compensation for the emotional distress and mental anguish the Plaintiff has experienced;

d.   Exemplary damages; and

e.  Punitive damages.

WHEREFORE, Plaintiff respectfully request judgment against Defendants, and that an amount be awarded in excess of One Million ($1,000,000.00) Dollars, reflecting the enormity of the wrongful conduct of Defendants, together with an additional award of Punitive damages, costs, interest and attorney fees, and any other relief that the Plaintiff may be entitled to receive.

November 22, 2021                    Respectfully Submitted,

By: /s/Herbert A. Sanders
Herbert A. Sanders (P43031)
The Sanders Law Firm, PC
4031 Santa Clara St.
Detroit, MI 48221
(313) 962-0099
Herbert@SandersForJustice.com

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

DAVID PERRY,

     Plaintiff,

                                 Judge: Hon.

V                                     Case No.     NO

THE CITY OF DETROIT,
TYLERSCOTT ALLEYENE,
JACKSON VANSICKLE, AND
DILLON KENNY,
     *Jointly & Severally,*

     Defendants.

_____/

**HERBERT A. SANDERS (P43031)**
THE SANDERS LAW FIRM, P.C.
Attorney for the Plaintiff
4031 Santa Clara St.
Detroit, MI 48221
Phone:  (313) 962-0099
Herbert@SandersForJustice.com

_____/

**PLAINTIFF'S JURY DEMAND**

     Plaintiff hereby requests a trial by jury.

November 7, 2021             Respectfully Submitted,


                                     By: _/s/Herbert A. Sanders_
                                     Herbert A. Sanders (P43031)
                                     The Sanders Law Firm, PC
                                     4031 Santa Clara St.
                                     Detroit, MI 48221
                                     (313) 962-0099
                                     Herbert@SandersForJustice.com