UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID PERRY,<br>　　　　　　　　　Plaintiff,<br>v.<br><br>CITY OF DETROIT, *et al.*,<br>　　　　　　　　　Defendants.<br>_____/ | Case No. 22-10072<br><br>Jonathan J.C. Grey<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### **ORDER GRANTING FEES AND COSTS TO PLAINTIFF**

This case was referred to the undersigned to conduct a settlement conference before December 31, 2023.  (ECF No. 31).  On October 27, 2023, the Court entered a Notice of Settlement Conference setting a settlement conference for December 6, 2023, at 10 a.m.  (ECF No. 32).  The Notice required the parties to submit confidential settlement statements on before November 29, 2023.  The Court warned that the conference would be canceled if settlement statements were not provided.  (*Id.* at PageID.361-62).  Counsel for Defendants did not provide a settlement statement.  Despite that failure, based on the December 31 date referenced above, the Court did not cancel the settlement conference, hoping to go forward with the conference as scheduled.  Aside from failing to provide a settlement statement, Defendants' counsel and a person with settlement authority for Defendants did not appear for the settlement conference.  Counsel did not reach out to chambers to explain their absence.

The Court issued an order to show cause why sanctions should not be imposed for failure to submit a settlement statement and failure to attend the settlement conference. (ECF No. 33). In response, Defendants' counsel explained that he missed the deadline and the conference because the dates were not calendared by his staff. (ECF No. 34). The Court did not except this explanation as justification for counsel's noncompliance with the Court's Order. The Court sanctioned Defense counsel for the failure to submit a settlement statement and to appear at the settlement conference. "As a sanction for Defendants' counsel's failure . . . , the Court **ORDERS** Defendants' counsel to pay Plaintiff's reasonable expenses incurred because of the noncompliance, including attorney fees. Reasonable expenses may include the time Plaintiff took away from work to attend the conference, if he did so, and reimbursement for Plaintiff's drive to Flint to attend the conference, etc." (ECF No. 35, PageID.371). Plaintiff filed a bill of costs on December 27, 2023. (ECF No. 36). Defense counsel did not file a response or objection to the bill of costs.

Given counsel's failure to object, the Court will not closely evaluate each entry in the bill of costs. That said, "reasonable expenses incurred because of the noncompliance" includes only those expenses and attorney fees incurred in *preparation for the settlement conference*. Thus, only fees and expenses created after the settlement conference was scheduled are recoverable, not discussions on

or before that.  This means that costs for entries dated October 18, 19, 25, and 27, 2023, are unrecoverable under the Order.  The result is a subtraction of $640.00 from the requested total ($3,676.85), leaving $3,036.85 in expenses and attorney fees owed.  So Defendant's counsel is **ORDERED** to pay Plaintiff $3,036.85 as a sanction.  This payment must be made **within 21 days of this Order**.  Counsel for both parties are directed to confer on the way to effect the transfer of funds.

    **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 26, 2024                              <u>s/Curtis Ivy, Jr.</u>
                                                          Curtis Ivy, Jr.
                                                          United States Magistrate Judge